IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 22-cv-00832-RM-STV

ADAM WORSTER,

    Plaintiff,

v.

JEFF SCHRADER, Sheriff for Jefferson County, in his official capacity,

    Defendant.

## ORDER

    Before the Court is the Recommendation of United States Magistrate Judge Scott T. Varholak (ECF No. 27) to grant Defendant's Motion to Dismiss (ECF No. 15), dismiss without prejudice the claims in Plaintiff's Prisoner Complaint (ECF No. 1), and grant Plaintiff leave to file an Amended Complaint within twenty-one days of this Order.

    Plaintiff filed his Prisoner Complaint in April 2022, and Defendant filed his Motion to Dismiss two months later. After Plaintiff failed to respond to the Motion and an Order to Show Cause (ECF No. 20), the magistrate judge granted one extension of the deadline in light of Plaintiff's pro se status. After Plaintiff failed to respond again, the magistrate judge issued a Minute Order extending the deadline once more in light of the possibility the Court's communications had not been reaching Plaintiff by mail. Plaintiff still did not respond, and the magistrate judge issued his Recommendation in November 2022.

    Construing Plaintiff's pro se pleadings liberally, the magistrate judge determined that Plaintiff was potentially asserting two claims under 42 U.S.C. § 1983 that Defendant violated his Fourteenth Amendment procedural due process rights and his First Amendment rights, based on

his treatment as a detainee and prisoner at the Jefferson County Jail. But the magistrate judge determined that Plaintiff failed to plead facts sufficient to allow a reasonable inference that his placement in administrate segregation without a hearing implicated liberty interests protected by the Fourteenth Amendment. The magistrate judge further determined that Plaintiff failed to allege specific facts to support a claim for retaliation under the First Amendment. Finally, the magistrate judge determined that Plaintiff had also failed to allege a policy or custom that caused a violation of his constitutional rights, and therefore Defendant, sued in his official capacity, could not be held liable even if Plaintiff had sufficiently alleged a plausible underlying claim. The Recommendation advised that specific written objections were due within fourteen days after being served a copy of the Recommendation. More than fourteen days have elapsed since the Recommendation was issued, and no objection has been filed.

"In the absence of a timely objection, the district court may review a magistrate judge's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.3d 1165, 1167 (10th Cir. 1991). The Court finds the magistrate judge's analysis was sound and discerns no error on the face of the record. The Recommendation is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Accordingly, the Court ACCEPTS and ADOPTS the Recommendation (ECF No. 27), GRANTS the Motion to Dismiss (ECF No. 15). If Plaintiff has not filed an Amended Complaint by December 27, 2022, the Clerk is directed to CLOSE this case the following day.

DATED this 6th day of December, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge